UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        -vs-<br><br>RAMIRO CORTES-BARAJAS,<br><br>                    Defendant. | No.    2:16-CR-0173-WFN-1<br><br>ORDER DISMISSING CASE<br><br>**UNITED STATES MARSHAL SERVICE ACTION REQUIRED** |

A motion hearing was held February 15, 2017.  The Defendant, who is in custody, was present and represented by Stephen Roberts, Jr., and assisted by Court-appointed interpreter Bea Rump; Assistant United States Attorney Matthew Duggan represented the Government.

The Court addressed Defendant's Motion to Dismiss.  ECF No. 30.  The Court indicated an inclination to grant Defendant's Motion.  Upon further review of the briefing, the Court confirms that inclination as explained below.

## FACTS

On February 18, 2003, Immigration and Naturalization Service [INS] issued Defendant a Notice to Appeal alleging he was subject to deportation.  Unable to afford the bond, he was detained for one day, and then appeared before an IJ along with several other alien respondents.  He proceeded without the assistance of counsel, but did have a translator.  Though the hearing was recorded, the pertinent part of the hearing is very difficult to understand, eventually becoming impossible to understand.  The transcription found in the briefing is unofficial, and the Court relies upon the recording rather than the transcription.  Prior to addressing Defendant individually, the IJ told the group that voluntary departure is a way to avoid deportation if the person had $5.00 to pay for the bus ride.  The IJ then proceeded to individually address several respondents.

ORDER - 1

As reflected in the Defendant's briefing, the IJ ascertained the facts supporting deportation, and then turned to facts that may have supported granting of voluntary departure.  Unfortunately, it is at this point in the recording that the quality diminishes and it becomes impossible to understand.  The recording evens out just at the point where Defendant indicates he does not plan to appeal.  The IJ declined to exercise his discretion to grant voluntary departure and ordered that the Defendant be deported.

## ANALYSIS

An alien may collaterally challenge the validity of a deportation order if the alien can demonstrate that "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(a).  However, an "alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000).  A valid waiver of the right to appeal "must be both considered and intelligent." *Id*.  A waiver is not considered and intelligent when "the record contains an inference that the petition is eligible for relief from deportation, but the Immigration Judge fails to advise the alien of this possibility and give him opportunity to develop the issue." *United States v. Muro-Inclan*, 249 F.3d 1180, 1184 (9th Cir. 2001).  Exhaustion is not required when an IJ fails to inform an alien that he is eligible for relief from deportation.  *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049 (9th Cir. 2004).

Defendant has illustrated that he is excused from the exhaustion requirement and that he was improperly deprived of the opportunity for judicial review.  Defendant's waiver of appeal was neither considered nor intelligent because, as far as can be determined from the recording of the hearing, Defendant was not adequately informed of the possible relief of voluntary removal, nor was he given the opportunity to address his eligibility.  Though the IJ addressed voluntary departure as a possible relief with the group, he did not address voluntary departure as it pertained to Defendant.  Lastly, though not necessarily the fault

of the IJ, Defendant is denied meaningful judicial review due to the poor quality of the recordings of the proceedings. There is no way for this Court to determine the grounds the IJ relied upon, or the equities considered, or not, when making the discretionary decision to deny Defendant voluntary removal relief. Further, being unaware of the possibility of relief excused Defendant from the exhaustion requirement.

Defendant must also show that the entry of the removal order was fundamentally unfair; specifically, Defendant must demonstrate that (1) his due process rights were violated by defects in the deportation proceedings; and (2) he was prejudiced by those defects. "The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is mandatory, and failure to so inform the alien of his or her eligibility for relief from removal is denial of due process that invalidates the underlying deportation proceedings." *Ubaldo-Figueroa*, 364 F.3d at 1050. An IJ must inform an alien if he or she is eligible for voluntary departure, and if so, provide a "genuine opportunity to apply for voluntary departure or to present evidence of the factors favoring this relief." *United States v. Melendez-Casto*, 671 F.3d 950, 954 (9th Cir. 2012). To demonstrate prejudice, Defendant "does not have to show that he actually would have been granted relief," *Ubaldo–Figueroa*, 364 F.3d at 1050, but "that he had a 'plausible' ground for relief from deportation." *Id.* at 1050 (citing *Arrieta*, 224 F.3d at 1079).

Defendant's due process rights were violated in the deportation proceedings because he was not informed of his eligibility for voluntary removal and he was not afforded a genuine opportunity to apply for voluntary departure. As indicated above, the recording cuts out during the portion of the hearing that addresses Defendant's eligibility, but based on what the Court can review, the IJ did not tell Defendant that he may be eligible, nor did he give Defendant an opportunity to discuss favorable equities. Despite the transcription in the Defendant's briefing, it is not clear that Defendant (erroneously) admitted to having been deported previously. Had the IJ heard all of the factors supporting an application for voluntary removal, including Defendant's long residence in the United States, his lack of prior deportations/removals, and his consistent employment history, it is certainly

plausible that the IJ would have granted Defendant voluntary removal.  Because Defendant has demonstrated that it is plausible that the IJ would have granted voluntary removal, he has demonstrated prejudice.

In conclusion, the deportation proceedings supporting the current charge were fundamentally unfair and violated Defendant's due process rights.  Consequently, the charges must be dismissed.  The Court has reviewed the file and Motion and is fully informed.  This Order is entered to memorialize and supplement the oral rulings of the Court.  Accordingly,

**IT IS ORDERED** that:

1.  Defendant's Motion to Dismiss, filed February 3, 2017, **ECF No. 30**, is **GRANTED**.

2.  The Indictment, filed October 18, 2016, **ECF No. 4**, is **DISMISSED with PREJUDICE**.

3.  Any other pending motions are **DENIED AS MOOT**.

4.  All future court dates are **STRICKEN**.

5.  Defendant shall be **IMMEDIATELY RELEASED FROM U.S. MARSHAL CUSTODY**.

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** United States Marshals Service--**Action required**.

**DATED** this 16th day of February, 2017.


                                    s/ Wm. Fremming Nielsen
                                   WM. FREMMING NIELSEN
02-15-17                  SENIOR UNITED STATES DISTRICT JUDGE


ORDER - 4